## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Charles Lamb,** ) | Case No. 2:16-cv-3844-CMC-MGB |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Commissioner of Social Security Admin.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Plaintiff Charles Lamb filed this civil action (DE #1, Complaint), which has been entered in the docket as a construed request for judicial review of an unfavorable decision by the Commissioner of the Social Security. Plaintiff (non-prisoner) is proceeding *pro se*. Upon review of the record, the United States Magistrate Judge recommends that this case be **dismissed without prejudice** for the following reasons:

### I.  Rule 41 Dismissal for Failure to Bring Case Into Proper Form

Plaintiff has filed various documents, including proposed service documents, that are indecipherable. (See DE# 1, 3-5). He has filled out the forms with random words that make no sense. For example, Plaintiff filed a "proposed summons" with no names, address, case number, or other pertinent information. (See DE# 5). Plaintiff filed Local Rule 26.01 Answers to Interrogatories, providing repetitive non-responsive answers to each question. (DE# 4). On his application to proceed IFP, Plaintiff filled out the caption in nonsensical fashion ("United States for the United States Metro Region District of Metro Region"), checked all the boxes indicating that he has income from listed sources, and then repetitively wrote the non-responsive word "source" as an answer to all remaining questions. (DE# 3).

In an effort to bring this case into proper form, the Court issued an Order on December 9, 2016 (DE# 7), giving Plaintiff twenty-one (21) days, plus three (3) days for mail time, from the date of entry of the Order to bring this case into proper form, pursuant to General Order, Case No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007) *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*. The Order of December 9, 2016 warned Plaintiff that his failure to provide the necessary items within the timetable set forth in the Order would subject this case to dismissal.

The Clerk of Court mailed a copy of the Order of December 9, 2016 to Plaintiff at his last known address of record, i.e. 28 Bethune Court, Columbia, South Carolina 29203. The mail in which the Order was sent to Plaintiff's address was returned as undeliverable. (See DE# 9, envelope bearing postal mark "return to sender, unable to forward"). Plaintiff has failed to respond to the Order of December 9, 2016 within the time permitted under the Order. Plaintiff has failed to bring this case into proper form. The time for responding to the Court's Proper Form Order of December 9, 2016 has expired. Plaintiff has failed to provide the Court with any change of address. Plaintiff's failure to keep the Court apprised of his mailing address indicates an intent to discontinue prosecuting this case and subjects the case to dismissal.

Therefore, as Plaintiff has failed to prosecute this case and failed to comply with the Court's Order, the case should be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-36 (1962).

## II.  Dismissal Pursuant to Rule 12(b)(1)

Additionally, given that the documents filed by the Plaintiff are nonsensical and lacking in any relevant information, this Court may also dismiss this case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(1). While *pro se* pleadings are liberally

construed and are held to a less stringent standard than formal pleadings drafted by attorneys, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). The Fourth Circuit Court of Appeals has instructed that a district court should not ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) *cert. denied*, 475 U.S. 1088 (1986).

It is not possible to discern any coherent factual allegations by Plaintiff in his Complaint. Even liberally construing the Complaint, it is not possible to discern a plausible cause of action, much less any supporting facts. Plaintiff indicates he "wants to take the Social Security people… to court. (DE# 1 at 3, ¶ III). He appears to want to challenge some unspecified Social Security decision, but provides no case number or other pertinent information about any administrative decision that would be properly subject to judicial review.

The United States Supreme Court has explained that a "patently insubstantial complaint may be dismissed … for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *see also Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (collecting cases and observing that "this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit' "); *Holloway v. Pagan River*

*Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (same). This is such a case. The complaint is "so attenuated and unsubstantial as to be absolutely devoid of merit" and therefore is subject to dismissal pursuant to Rule 12(b)(1). Fed.R.Civ.P. 12(b)(1). No basis for subject matter jurisdiction can be discerned from the Complaint.

Even liberally construed, the Complaint fails to allege any sort of "colorable claim" and fails to allege facts that would provide any basis for federal jurisdiction. *See, e.g., Brunson v. United States*, Case No. No. 3:14–cv-2540–JFA–PJG, 2014 WL 4402803 (D.S.C. Sept. 3, 2014) (summarily dismissing complaint because its allegations were insufficient to establish subject matter jurisdiction); *Carter v. Ervin*, Case No. 0:14–cv–865–TLW-PJG, 2014 WL 2468351 (D.S.C. June 2, 2014) (same, summarily dismissing complaint without prejudice and without issuance and service of process), *appeal dismissed by* 585 F.App'x 98 (4th Cir. Oct. 24, 2014). Therefore, the Plaintiff's Complaint is subject to dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

### III. Conclusion

Accordingly, the Complaint should be **dismissed without prejudice**, and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 6, 2017
Charleston, South Carolina

**The *pro se* Plaintiffs' attention is directed to the Important Notice on the next page:**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).